**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**NATALIE M. GLAZE,**

**Plaintiff,**

**v.** **Case No.: 2:19-cv-00141-JES-MRM**

**NWNG LLC, A FOREIGN LIMITED LIABILITY COMPANY d/b/a NAPLES GRANDE BEACH RESORT,**

**Defendant.**

---

## AMENDED CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)**<br>[Court recommends 30 days after CMR meeting] | April 29, 2019 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[each party who has not previously filed must file immediately] | April 8, 2019 |
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 - 2 months after CMR meeting] | May 29, 2019 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | Plaintiff: September 11, 2019<br>Defendant: October 11, 2019 |
| | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | November 11, 2019 |
| **Dispositive Motions, *Daubert,* and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | December 10, 2019 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[14 days before Joint Final Pretrial Statement] | February 24, 2020 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | March 6, 2020 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | February 28, 2020 |
| **Final Pretrial Conference**<br>[Court will set a date that is approximately 3 weeks before trial] | |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | April 10, 2020 |
| **Estimated Length of Trial** [trial days] | 3-5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>Deadline:<br><br>Mediator:<br>Address: | November 18, 2020<br><br>Christopher L. Griffin<br>3225 S. MacDill Ave.<br>Suite 129-172 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | Tampa, FL 33629<br><br>(813) 486-4447 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____<br>No__X__<br><br>Likely to Agree in Future _____ |

## I. Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A)[1] a meeting was held in person on:

**March 29, 2019** (date) at **11:00 a.m.** (time) at **Jackson Lewis P.C.** (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Laura E. Prather** | **Defendant** |
| **Ronald W. Fraley** | **Plaintiff** |

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

## II. Preliminary Pretrial Conference

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases**: Parties (check one) [__] request [_**X**_] do not request a Preliminary Pretrial Conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

## III. Pre-Discovery Initial Disclosures of Core Information

**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __**X**__ agree to exchange (check one)

information described in Fed. R. Civ. P. 26(a)(1)(C) - (D)

_____ on __**X**___ by (check one) **April 29, 2019** (date).

Below is a description of information disclosed or scheduled for disclosure.

## IV. Agreed Discovery Plan for Plaintiffs and Defendants

### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper including emergency motion is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_______ Yes

__**X**____ No Amended Certificate will be filed by **Defendant** (party) on or before **April 8, 2019** (date).

**B. Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. See M.D. Fla. R. 3.03 (e). The parties further agree as follows: **No additional matters.**

**C. Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ .P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows: **The Parties have no further limits on discovery.**

1. Depositions

2. Interrogatories

3. Document Requests

4. Requests to Admit

5. Supplementation of Discovery

### D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **No additional matters.**

---

---

---

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **No additional matters.**

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See M.D. Fla. R. 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential. There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See M.D. Fla. R. 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **No additional matters.**

---

**G. Electronically Stored Information and Claims of Privilege C**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

________________________________________________________________

________________________________________________________________

**H. Other Matters Regarding Discovery**

- **The parties will serve all discovery <u>requests</u> by e-mail in .pdf format AND Microsoft Word. An original via U.S. Mail or by hand delivery is not required unless the discovery is being served via hand delivery.**

- **Service of written discovery <u>responses</u> will be e-mailed in .pdf format; service of responsive documents will be either.**

  **i. printed (unless the nature of the document prevents adequate conversion to paper) and served by U.S. Mail (or other deliverable service); or**

  **ii. in .pdf format served via e-mail or large file transfer system.**

- **Responses to interrogatories, requests to produce, and requests for admissions will include both the question posed immediately followed by the response.**

- **Documents, including any electronic discovery will be produced in .pdf format or by printing the electronic documents. The parties will continue to discuss whether the production of documents in their native format is necessary on a request by request basis.**

- **All parties provide consent that e-mail is an acceptable method of serving litigation papers regarding discovery and all other matters pursuant to Fed. R. Civ. P. 5(b)(2)(E).**

- **Rule 502(d) Order: By separate motion, the Defendant will move for entry of an order seeking the maximum protection allowed by the Federal Rules of Evidence 502(d).**

**V. Settlement and Alternative Dispute Resolution**

**A. Settlement C**

The parties agree that settlement is

_____ likely ___**X**___ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes __**X**___ no likely to request in future

**B. Arbitration C**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

_____ yes ___**X**___ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

_____ yes ___**X**__no _____ likely to agree in future

_______ Binding ________Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

_____ yes _____ no _____ likely to agree in future

**C. Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D. Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution: **None.**

**VI. Other Matters:**

**A. The Parties agree to choose a week or several consecutive days in mid to late July 2019, to conduct depositions in Lee County, Florida. Plaintiff will be deposed first.**

Date: April 15, 2019

Respectfully submitted by:

THE FRALEY FIRM, P.A.

*/s/ Ronald W. Fraley*
Ronald W. Fraley, Esq.
Florida Bar No.: 0747025
Email: rfraley@fraleylawfirm.com
Email: phuret@fraleylawfirm.com
412 East Madison Street, Suite 1213
Telephone: (813) 229-8300
*Attorney for Plaintiff*

JACKSON LEWIS P.C.

/s/ *Laura E. Prather*
Laura E. Prather, B.C.S.
TRIAL COUNSEL
Florida Bar No. 870854
Email: Laura.Prather@jacksonlewis.com
Nicole Santamaria, Esq.
Florida Bar No.: 0125294
Email: Nicole.Santamaria@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive - Suite 2200
Tampa, FL 33602
Telephone: (813) 512-3210
Facsimile: (813) 512-3211
*Attorneys for Defendant*